UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan Sherry Sabhari, individually, and
Ali Abdulla Sabhari, individually,

          Plaintiffs,

    v.                                 **MEMORANDUM OPINION AND ORDER**

Denise Frazier, District Director, Citizenship     Civ. No. 06-196 ADM/RLE
and Immigration Services; Eduardo Aguirre,
Director, Citizenship & Immigration
Services; Michael Chertoff, Secretary,
Department of Homeland Security;
Alberto Gonzales, United States Attorney
General,

          Defendants.

_____

Herbert Igbanugo, Esq., Igbanugo Partners Int'l Law Firm, PLLC, Minneapolis, MN, on behalf of Plaintiffs.

Robyn A. Millenacker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

Plaintiffs Susan Sherry Sabhari ("Sherry") and Ali Abdulla Sabhari's ("Sabhari") (collectively "Sabharis") Motion for Attorney's Fees and Costs is before the Court pursuant to the Eighth Circuit's February 22, 2008, Order, and August 6, 2007, Mandate [Docket No. 38]. In the February 22, 2008, Order, the Eighth Circuit denied the Sabharis' Motion for fees incurred on appeal and remanded the Sabharis' Motion with respect to fees incurred before this Court. For the reasons set forth herein, the Sabharis' Motion is denied.

## II. BACKGROUND

The underlying facts of this case are set forth in the Court's January 30, 2007, Order

[Docket No. 32] and are incorporated herein. On January 30, 2007, the Court granted the Sabharis' Motion for Summary Judgment [Docket No. 17] and remanded the case back to U.S. Citizenship and Immigration Services ("CIS") with instructions to grant Sherry's second or third I-130 petition. On March 26, 2007, Defendants filed a Notice of Appeal to the Eighth Circuit [Docket No. 34] but on August 3, 2007, filed a Motion to Dismiss the appeal. On August 6, 2007, the Eighth Circuit granted Defendants' Motion and dismissed the appeal. Judgment [Docket No. 37]. On the same date, the Eighth Circuit issued a Mandate. On December 3, 2007, the Sabharis filed their Motion for Attorney's Fees and Costs.

### III. DISCUSSION

The Sabharis seek fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). "The EAJA provides that a prevailing party is entitled to an award of fees and expenses in any action brought by or against the United States 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" U.S. S.E.C. v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)). Section 2412(d)(1)(B) of the EAJA provides that a party seeking an award must submit its application within "thirty days of final judgment in the action." "Final Judgment" is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Pursuant to that definition, the thirty-day clock begins to run "on the date on which a party's case has met its final demise, such that there is no longer any possibility that the district court's judgment is open to attack." Al-Harbi v. I.N.S., 284 F.3d 1080, 1084 (9th Cir. 2002); see also Taylor v. United States, 749 F.2d 171, 174 (3d Cir. 1984) ("Fee petitions under the EAJA must be filed no later than thirty days after the expiration of the time to appeal, or after

the termination of the litigation by the court of last resort, or after a losing party asserts that no further appeal will be taken.").

In this case, the thirty-day clock began to run on August 6, 2007, when the Eighth Circuit issued its Mandate.  In some cases, the thirty-day clock does not begin to run until the time to file a petition for writ of certiorari to the United States Supreme Court has expired, that is because until that point, the losing party may still seek appellate review.  However, in this case, neither party had a right to file a petition for writ of certiorari: Defendants voluntarily dismissed their appeal and the Sabharis did not seek appellate review of this Court's decision. Accordingly, because the Sabharis failed to file their Motion for Attorney's Fees and Costs within thirty days of the final judgment, their Motion is dismissed as untimely.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Sabharis' Motion for Attorney's Fees and Costs is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery     
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 21, 2008.